UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-00119-NEB-LIB |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION TO SUPPRESS TRIBAL COURT PLEA AGREEMENT** |
| Descart Austin Begay, Jr., | |
| Defendant. | |

Defendant Descart Austin Begay, Jr., by and through the undersigned counsel, respectfully moves the Court, pursuant to the Due Process clause of the Fifth Amendment, for an Order suppressing Defendant's statements in tribal court.

On or about February 12, 2021, Defendant signed a written document titled Plea Agreement for breaking and entering and aggravated sexual assault in tribal court. The Charges in the Plea Agreement vary from the counts set forth in the Indictment. The Government provided Defendant with what appears to be the one-page tribal court plea agreement and a handwritten judgment. The Government's discovery production does not include a transcript or audio recording of the plea hearing, other briefing, or any evidence of a plea colloquy demonstrating to what Begay admitted or whether he knowingly and voluntarily waived his rights before pleading guilty. The Tribal Court then imposed a sentence consistent with time served and Begay was released from custody.

Defendant's supposed tribal plea agreement should be suppressed and excluded from evidence. The plea agreement and tribal court judgment do not show any admission

of guilt on the part of Defendant. The plea agreement signed by Defendant identifies only the charges, proposed recommendations, and states that Defendant, "freely and of his own accord, accepts the plea agreement." The tribal court's order similarly includes no indication that Defendant admitted guilt, making it akin to an *Alford* plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1969) ("an individual accused of a crime may . . . consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime"). The Defendant is dyslexic and struggles with understanding writing. And the absence of any plea colloquy in which Defendant is advised of his rights and the court assures itself that Defendant's purported plea is an admission of guilt renders Defendant's Plea Agreement unknowing and involuntary.

    This motion is based upon the files, records, and proceedings herein, any additional matters that may be presented prior to or at the time of the hearing of said motion, and any briefing requested by the Court thereafter.

Dated: June 22, 2021

DORSEY & WHITNEY LLP

By s/ John Marti
   John Marti (#0388393)
   marti.john@dorsey.com
   Michael Rowe (#0392598)
   rowe.michael@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Attorneys for Defendant